

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1126 | **DATE** | 3/29/2002 |
| **CASE TITLE** | Pamela Kause et al.  Vs. Dennis TorlI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. We deny plaintiff's action to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | APR 01 2002 date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PAMELA KAUSE, KRYSTAL KAUSE )
and SUSAN CHALKER, )
                             )
               Plaintiffs, )     No. 02 C 1126
                             )
         v. )     Honorable James B. Moran
                             )
DENNIS TORII )
                             )
              Defendant. )

DOCKETED
APR - 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Pamela Kause brings this action against her former attorney, Dennis Torii. Along with the complaint, plaintiff has filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is denied and her complaint is dismissed.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the prescribed court fees. The application here indicates that plaintiff is not currently employed and has no other income. Plaintiff also claims that any other assets have been taken away by her ex-husband with the aid of the defendant. On these facts, plaintiff has established her inability to pay court fees.

The inquiry does not end with a finding of indigency, however. Under section 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that: the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). In determining whether plaintiff has properly stated a claim, we apply the same standards as if this were an



ordinary dismissal under Fed.R.Civ.P. 12(b)(6). <u>Zimmerman v. Tribble</u>, 266 F.3d 568, 571 (7th Cir. 2000).

Plaintiff appears *pro se*, and accordingly we construe her pleadings liberally. <u>Henderson v. Sheahan</u>, 196 F.3d 839, 845 (7th Cir. 1999). While there are three names listed as plaintiffs in the title of this action, it appears from the *in forma pauperis* application as well as all the filed material that there is one plaintiff, Pamela Kause, and one defendant, Dennis Torii. Plaintiff asserts that we have federal question jurisdiction over these claims.

Plaintiff alleges that she obtained defendant as her attorney in January 2000. According to plaintiff, defendant acted wrongfully in many ways including: failing to obtain her right for a trial; causing the loss of her parental relationship; participating in arranging an assault against plaintiff; failing to obtain various court orders; failing to obtain requested birth records; refusing to take any property into custody for her; picking judges that were against her; sending her to a criminal social worker against her will; committing bribery and fraud; participating in corruption and extortion; breaking the rules of professional conduct; and generally breaching his contract with plaintiff. Plaintiff claims that defendant's wrongful conduct constitutes a violation of federal antitrust laws and the federal Constitution.

We first address plaintiff's claim that defendant violated her right to have a trial. It appears that plaintiff is attempting to state a Sixth Amendment claim. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.." U.S.Const.Amen.VI. In her pleadings, plaintiff refers to a divorce proceeding and a state case in which her ex-husband was the defendant, and specifically states that she has never been a criminal defendant. The Sixth Amendment protects the rights of criminal defendants, and we are unable to find it applicable to the facts presented in the complaint.

2

In the cover sheet to her pleadings, plaintiff also marks that defendant has violated antitrust laws. We assume for purposes of this application that she is referring to the Sherman Antitrust Act which prohibits "[e]very contract, combination...,or conspiracy, in restraint of trade or commerce among the several states...." 15 U.S.C. § 1. To state a claim under this Act, the defendant's alleged conduct must have a sufficient relationship to interstate commerce and defendant must have participated in anti-competitive conduct. Bunker Ramo Corp. v. United Business Forms, Inc., 713 F.2d 1272 (7th Cir. 1983). The facts alleged do not satisfy these requirements, and we find no federal antitrust laws implicated.

Plaintiff also appears to be alleging a violation of her Fourteenth Amendment substantive due process rights. Plaintiff has adequately identified a fundamental right protected under the Fourteenth Amendment—the right of a parent to make decisions concerning the care custody and control of their children. Troxel v. Granville, 530 U.S. 57, 66 (2000), citing Stanley v. Illinois, 405 U.S. 645, 651 (1972). Even if the defendant infringed on this right, however, the defendant is not violating the federal constitution since he is not a government official or acting under the color of state law. See U.S.Const.Amend.XIV; 42 U.S.C. 1983. The remaining allegations of attorney misconduct against the defendant, which include citations to the rules of professional conduct and the Illinois Supreme Court Rules, do not state any federal question. Plaintiff has not stated a claim on which relief can be granted by this court.

We recognize that this suit is one of nine suits filed by plaintiff last month against various defendants. After reading all of the materials submitted to the court, we find that this case can be dismissed on grounds that it is frivolous as well. An action should be dismissed as frivolous if plaintiff's allegations are "fanciful," "fantastic" or "delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992). While plaintiff may very well believe many of the

allegations she has claimed, it is clear from the cumulative filings that the web of conspiracies described (involving many actors including the Illinois State Police, the Circuit Court of Cook County, the Department of Children and Family Services, and the Berwyn Police Department) can only be described as delusional and fantastic.

For the reasons above, we deny plaintiff's action to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

JAMES B. MORAN
Senior Judge, U.S. District Court

March 29, 2002

4